36481.   CORDER *v.* BALES *et al.*

DECIDED JANUARY 31, 1957.

*B. M. Wimberly,* for plaintiff in error.

*E. W. White,* contra.

GARDNER, P. J. ■ The case is to be reversed on special grounds; therefore we will not deal with the general grounds, since the evidence could be different in the event of another trial.

■ Special ground 1 refers to the insufficiency of the answers of Robinson and Price to the effect that the court charged the jury that as a matter of law Robinson, in answering paragraph 4 said: "For want of sufficient information, paragraph 4 of the plaintiff's suit can not be answered." The defendant Price said: "Paragraph 4 of the plaintiff's petition can not be admitted or denied." The defendant Robinson said: "Paragraph 7 of the plaintiff's petition is neither admitted nor denied." Where a petition alleges that a defendant has knowledge of certain alleged facts and where the defendant does not admit or deny them, the allegations of such petitions shall be taken as true. See in this connection Code § 81-308 as follows: "Where facts are charged to be within the knowledge of a party, or where from all the circumstances such knowledge is necessarily presumed, and he fails to answer altogether, or makes an evasive answer, the charge is to be taken as true." The court's charge regarding special ground 1 is reversible error.

Special ground 2 assigns error to the effect that the jury should, if possible, reconcile the testimony when in conflict. This is not erroneous.

Special ground 3 assigns error because it is alleged that the jury were likely confused regarding the charge of the court as to the evidence concerning the right of Bales to sell the car in question. This ground shows no reversible error.

Special ground 4: The court did not err in charging fraud under the evidence in this case.

Special grounds 5 and 6 assigned error on an excerpt from the charge of the court regarding possession of personal property, in that such possession shows ownership. The excerpt from the

charge of the court is admitted by counsel for both sides as being a correct principle of law. We are of the opinion that the evidence in this case authorized the court to charge this principle of law. These grounds are not meritorious.

Special ground 7: It is contended that the excerpts from the charge of the court on which the complaint is made on this ground are not applicable to the facts. This assignment is without merit.

Special ground 8: It is contended in this ground that it confused and misled the jury when the court charged to the effect that if the plaintiff put someone in a position to defraud another, then the plaintiff must suffer the consequences. This assignment is without merit for the reason that the plaintiff herself testified that she turned the possession of the car over to the defendant Bales for the purpose of selling the car provided he would get a lawyer to prepare the papers. The evidence does not reveal that either of the other two defendants knew of this trade between the plaintiff and Bales. It should also be noted here that the bill of sale was not recorded. This ground is not meritorious.

Special ground 9 contends that the court erred in giving the following charge to the jury: "The charge of the court confused the jury, since the jury had heard the testimony of the witnesses and knew or should have known Bernard was the agent of the defendant; and . . . cast doubt upon the evidence in the minds of the jurors and require them to think as a matter of law Bernard was not the agent of the defendant . . ." The court committed a reversible error in this excerpt from the charge. See *Carmichael* v. *Silvers,* 90 *Ga. App.* 804 (84 S. E. 2d 668).

Special grounds 10 and 12 assign error on the charge of the court regarding damages recoverable under the evidence. The court charged the jury that they could return a verdict for from $1 to $500. It is true that the damages recoverable in a trover action are the highest value proven from the time of the conversion until the time the suit was filed. There was no request to charge and it is our opinion that this charge did not injure the rights of the plaintiff. There was evidence as to what the plaintiff paid for the car, what Bales sold it for, and what Price sold it for. These special grounds show no special cause for reversal.

Special grounds 11 and 19 complain because the court refused to give certain specified requests to charge. There was no request for such charges and without a written request the court did not err in failing to charge as set out in these grounds.

Special grounds 13, 14, 15 and 16 assign error on the exclusion of certain testimony offered by the plaintiff as to the value of her car, her efforts and the efforts of her counsel to locate the car, and testimony of counsel regarding his conversation with the defendant Price. We think the court committed reversible error in its ruling excluding this testimony.

Special grounds 17 and 18 assign error for the reason that the court stated to the jury that Bales had filed no answer and that the suit was in default as to him and the jury would not concern themselves with the defendant Bales but would concern themselves with what verdict they would return as to the other defendants. We do not consider this charge erroneous as against the plaintiff.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*